UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CRIMINAL NO.   04-80844

    vs.                         HONORABLE GERALD E. ROSEN

D-1 PHILLIP ZABAWA,

        Defendant.
_____/

ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL
EXAMINATION OF DEFENDANT

This matter coming before the Court on the defendant's motion, the Court finds for the reasons stated on the record May 30, 2006 that there is reasonable cause to believe that defendant PHILLIP ZABAWA may presently be suffering from a mental disease or defect rendering him mentally incompetent to stand trial.  Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§4241-4247,

**IT IS HEREBY ORDERED**

    That a psychiatrist or psychologist employed by the Untied States be appointed, authorized, and directed to examine the mental condition of defendant PHILLIP ZABAWA, *see id.* §4241(a),(b), 4247(b);

    That defendant submit to an evaluation with Dr. Charles Clarke, Ph.D. for such psychiatric or psychological examination;

    That the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §4241(b), 4247(c);

That the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* §4247(c);

and

that the period beginning with the defendant's request for a competency evaluation on May 30, 2006 and ending with the conclusion of the competency hearing, *see id.* §4241(c), 4247(d), which will take place after the Court and parties have received the examiner's written report, be deemed excludable delay under the Speedy Trail Act, pursuant to 18 U.S.C. §3161(h)(1)(F) and (h)(1)(A), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on the defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. §3161(h)(1)(J).

**IT IS SO ORDERED**.

                                        s/Gerald E. Rosen
                                        Honorable GERALD E. ROSEN
                                        United States District Judge

Entered:  February 15, 2007